UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DAVIS

        Plaintiff,

                                        CASE NO. 2:12-cv-12672
v.                                  HONORABLE PAUL D. BORMAN

M.D ANSARI, et al.,

        Defendants.

_____/

## OPINION AND ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS, (2) SUMMARILY DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND (3) DENYING AS MOOT MOTION FOR A PRELIMINARY INJUNCTION AND MOTION TO APPOINT COUNSEL

### I. INTRODUCTION

Michigan prisoner Leon Davis ("Plaintiff"), currently confined at the Charles Engeler Reception and Guidance Center in Jackson, Michigan, has filed a *pro se* civil rights complaint. Plaintiff has also filed an application to proceed without prepayment of the $350.00 filing fee for this action and a motion to appoint counsel, and seeks a preliminary injunction. Plaintiff names as defendants Dr. Ansari, physician's assistant Payne, Medication Nurse Karen, Nurse Tina Ezukwe, and Prison Health Services (PHS).

In his complaint, Plaintiff alleges that he suffers from severe headaches and that prison medical personnel have failed to treat those headaches appropriately. He asserts that his brother and grandmother both died of untreated head pain. Plaintiff states that Excedrin Migraine did not relieve his chronic head pain. He alleges that physician's assistant Payne

prescribed him a drug, Topomax, which did not treat his headaches and which caused him to lose coordination, and to have memory problems and confusion. Plaintiff alleges that Payne offered him another drug, Elavil, which Plaintiff refused because it was harmful. Plaintiff alleges that physician's assistant Springstead prescribed oxygen "just to say he did something." Plaintiff alleges that he complained to Damita Dow, a registered nurse, that Topomax caused tiredness, drowsiness, loss of coordination, and confusion, and did not relieve his severe headaches, but Dow paid no attention to what he was saying. He alleges that Nurse Tina Ezukwe tried to force him to take Topamax.

Plaintiff has attached to the complaint copies of several health care requests that he made in March and April, 2012. A kite response taken by Mary A. Blakley, RN, dated April 8, 2012, also attached to the complaint, states that Plaintiff's headache was not responding to Excedrin, that the prisoner was ordered new medicine the previous month, and that Blakley was working to find out why it had not yet been received. Plaintiff acknowledges that he was told that new medicine was ordered and that health care was trying to get it approved.

## II. DISCUSSION

### A.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior

2

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three strikes" provision requires the Court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id.*

The Court's records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed for failure to state a claim upon which relief may be granted. *See, e.g., Davis v. Seetha, et al.,* No. 09-CV-13912 (E.D. Mich. July 30, 2010); *Davis v. Washington,* No. 11-CV-14701 (E.D. Mich. November 9, 2011); *Davis v. Crutcher,* No. 11-CV-14347 (E.D. Mich. Nov. 10, 2011). Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he can allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege that the danger is "real and proximate" and exists at the time the complaint is filed. *See Rittner v. Kinder,* 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

"The imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). *Pro se* plaintiffs are entitled to have their pleadings liberally construed. *Id.*

3

Plaintiff's complaint, read liberally, sufficiently alleges imminent danger of serious bodily harm to fall within the statutory exception. *Cf. Ciarpaglini*, 352 F.3d at 329 (allegations that denial of medication caused panic attacks, leading to heart palpitations, chest pains, labored breathing and paralysis in legs and back, satisfy § 1915(g)); *Gibbs v. Cross*, 160 F.3d 962, 965 (3d Cir. 1998) (allegations that dust and lint dispersed through ventilation system caused severe headaches, change in voice, mucus full of dust and lint, and watery eyes, suffice as serious for purposes of § 1915(g)). Thus, although Plaintiff has filed more than three previous lawsuits which have been dismissed for failure to state a claim upon which relief may be granted, he has sufficiently alleged that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes provision of 28 U.S.C. § 1915(g).

The Court has also reviewed Plaintiff's financial affidavit, certified account statement or its equivalent, and signed authorization to withdraw funds. Having considered these items, the Court will grant Plaintiff's application to proceed without prepayment of fees or costs.

**B.**

Under the PLRA, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The complaint is subject to dismissal under this provision because the facts alleged fail to state

4

a claim for relief under the 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution.

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The rule does not require "detailed" factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Under the Eighth Amendment to the United States Constitution, prison officials must provide adequate medical care to prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate. *Id.* at 106. The test to determine whether prison or jail officials have been deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against

5

cruel and unusual punishment, has an objective and subjective component. *Napier v. Madison Co.,* 238 F.3d 739, 742 (6th Cir. 2001) (citing *Brown v. Bargery,* 207 F. 3d 863, 867 (6th Cir. 2000)). The objective component requires an inmate to show that the alleged deprivation is sufficiently serious, and poses a substantial risk of serious harm. *Brown,* 207 F. 3d at 867 (citing to *Farmer v. Brennan,* 511 U.S. at 834). The subjective component is satisfied if the inmate shows that prison officials had a "sufficiently culpable state of mind." *Id.*

Plaintiff's complaint alleges that he suffers from severe headaches. It alleges that he was treated with Excedrin Migraine, without good results; that he that he was treated with Topomax, which failed to alleviate his headaches and had bad side effects; that he was offered Elavil, but refused it because he believed it was harmful; and that another medication to treat the headache had been ordered but had not yet arrived. He alleges that when he refused Elavil, defendant Payne became angry and threatened him with the hospital as punishment. He also alleges that he was given oxygen by a non-defendant, P.A. Springstead, and that another non-defendant, Dameta Dow, paid no attention to him when he complained about the side effects of Topomax.

These facts alleged by Plaintiff do not show that he was denied medical care; instead, they establish at most that Plaintiff disagrees with the prison's medical staff about what constitutes the most appropriate medical care for his severe headaches. Where an inmate has received some medical attention, and the facts demonstrate only a difference of opinion between the inmate and medical personnel, the inmate does not state a claim under the Eighth

6

Amendment of deliberate indifference to the inmate's serious medical needs. *McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Brock v. Crall*, 8 F. App'x 439, 440-41 (6th Cir. 2001). The facts alleged in the complaint, if proven, show that the Plaintiff received some medical attention and that there was a difference of opinion between the Plaintiff and medical personnel. The complaint, therefore, fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

### III. CONCLUSION

**WHEREFORE,** Plaintiff's application to proceed without prepayment of fees or costs is **GRANTED**.

The complaint is **DISMISSED WITH PREJUDICE,** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), because it fails to state a claim upon which relief may be granted.

Plaintiff's Motion to Appoint Counsel (Dkt. 3) and Motion for a Preliminary Injunction (Dkt. 4) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2012