UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DAVIS

        Plaintiff,

                              CASE NO. 2:12-cv-12672
v.                               HONORABLE PAUL D. BORMAN

M.D ANSARI, et al.,

        Defendants.
_____/

## OPINION AND ORDER DENYING MOTION

Michigan prisoner Leon Davis ("plaintiff"), filed a *pro se* civil rights complaint and application to proceed without prepayment of fees in June, 2012. The Court granted leave to proceed without prepayment of fees and summarily dismissed the complaint for failure to state a claim upon which relief may be granted. This matter comes before the Court on a motion filed by plaintiff entitled "MOTION Deliberate Mistreatment." (Dkt. 9).

In his complaint, filed on June 8, 2012, plaintiff named as defendants Dr. Ansari, physician's assistant Payne, Medication Nurse Karen, Nurse Tina Ezukwe, and Prison Health Services (PHS). Plaintiff complained that the defendants failed to treat his severe headaches appropriately. The court found the complaint was subject to dismissal under the Prison Litigation Reform Act ("PLRA") because the facts alleged in the complaint failed to state a claim for relief under 42 U.S.C. § 1983 and the Eighth Amendment to the United States Constitution. The Court specifically found that the facts alleged by plaintiff did not show that he was denied medical care, but instead, established at most that plaintiff disagreed with

the prison's medical staff about what constituted the most appropriate medical care for his severe headaches. Where an inmate has received some medical attention, and the facts demonstrate only a difference of opinion between the inmate and medical personnel, the inmate does not state a claim under the Eighth Amendment of deliberate indifference to the inmate's serious medical needs. *McFarland v. Austin*, 196 F. App'x 410, 411 (6th Cir. 2006); *Brock v. Crall*, 8 F. App'x 439, 440-41 (6th Cir. 2001). The Court therefore dismissed the complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

In the motion before the Court, Plaintiff asserts that on August 27, 2012, more than one month after his complaint was dismissed, medication nurse Angela gave him the wrong medicine, a green and black capsule for Hydroxyzine, which kept plaintiff awake for 28 hours. Plaintiff asserts that Nurse Angela told him that she would put him down to see Dr. Bashir, but that never happened. Plaintiff also asserts that Dr. Bashir acted with deliberate indifference by replacing his Benadryl with Hydroxyzine,

Plaintiff's motion asserts new facts against new defendants, in an effort to challenge the Court's summary dismissal. Under the PLRA, however, the district court is required to dismiss an insufficient complaint without affording the plaintiff leave to amend. *Bright v. Thompson*, 467 F. App'x 462, 262 (6th Cir. 2012). To the extent that plaintiff is seeking to amend his complaint to avoid summary dismissal, the Court cannot consider the additional facts alleged in plaintiff's motion. If plaintiff wishes to pursue a claim against the parties named in his motion, plaintiff must file a new complaint and pay a new filing fee or file documents seeking leave to proceed without prepayment of fees. To the extent that

plaintiff's motion seeks relief from judgment of the court's order dismissing the complaint, plaintiff fails to show that the court's prior order was in error. See Fed. R. Civ. P. 60(b).

**WHEREFORE,** Plaintiff's motion [Dkt. 9] is **DENIED.** This case remains **CLOSED**.

**IT IS SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2013

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 24, 2013.

s/Deborah R. Tofil
Deborah R. Tofil

3